Opinion filed April 16, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed April 16,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                   Nos. 11-08-00238-CV, 11-08-00239-CV, &
11-08-00240-CV

                                                    __________

 

                                 JERRY LEWIS DEDRICK, Appellant

                                                             V.

                                        STATE
OF TEXAS, Appellee

 



 

                                       On
Appeals from the 142nd District Court

                                                         Midland
County, Texas

                       Trial
Court Cause Nos. CR-19,164, CR-13,996, & CR-16,535

 



 

                                              M E
M O R A N D U M   O P I N I O N

These
are appeals from the trial court=s
orders denying Jerry Lewis Dedrick=s
pro se motions to vacate three prior convictions.  We affirm.

                                                           Procedural
Background








Appellant
is attempting to expunge or have vacated his 1993 conviction for delivery of
cocaine,[1] the 1990
revocation of his community supervision from his 1987 conviction for possession
of cocaine,[2] and his 1990
conviction for delivery of cocaine.[3]  Appellant
was sentenced to confinement for fifteen years for the 1993 conviction and
confinement for ten years for the 1990 conviction and for the 1990 revocation. 
Appellant is currently confined in the FCC Beaumont Medium, a federal
correctional complex, as a result of a conviction for a cocaine related
offense.

In
each case, appellant filed pro se motions to expunge and to vacate his
convictions.  Appellant argued in these motions that expunging these
convictions was in the best interest of justice because expunction would
increase his chances to be a trustee in the federal system.  Appellant also
argued that failure to vacate or expunge would result in double jeopardy
violations.

The
trial court entered orders denying each of appellant=s motions.

                                                                  Issue
on Appeal

In
his pro se briefs, appellant challenges the trial court=s orders on the ground that each of his guilty
pleas were not voluntarily entered.  He argues that there is showing or Amemory@ of proper waiver or
admonishment.

                                                                  Applicable
Law

Tex. Code Crim. Proc. Ann. arts.
55.01-.06 (Vernon 2006 & Supp. 2008) defines the remedy of expunction and
details the procedure.  Expunction is only available after conviction if the
defendant has subsequently been pardoned.  Article 55.01.  The record before
this court affirmatively establishes that appellant has not been pardoned for
any of the three convictions.

                                                             Holding
of this Court

Appellant
is attempting to collaterally attack his three final convictions.  Expunction
is not the proper remedy.  The trial court did not err in denying his motions. 
All of appellant=s
contentions have been considered, and each is overruled.

The
orders of the trial court are affirmed.

 

PER CURIAM

 

April 16, 2009

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Cause No. 11-08-00238-CV.





[2]Cause No. 11-08-00239-CV.





[3]Cause No. 11-08-00240-CV.